THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-
ENT, *v.* ALEXANDER H. REAVEY, APPELLANT.

*Larceny — what constitutes the offense under sections 528 and 531 of the Penal Code —*
*distinction between that crime and the offense provided for under section 148.*

MOTION by the defendant for a reargument of this appeal.

The defendant was convicted of the crime of larceny in the second degree for obtaining money by means of false representations or pretenses, as that offense has been defined by sections 528 and 531 of the Penal Code. He had been employed by the complaining witness to obtain a divorce, and from time to time falsely represented to her that the action was in different degrees of progress and by means thereof obtained various sums of money from her. The General Term affirmed the judgment of the Court of General Sessions, the opinion of DANIELS, J., being reported in 38 Hun, 418.

Upon the motion for reargument the same justice again expressed the decision of the court in an opinion in which, in considering and overruling objections raised by the appellant's counsel, he says : " A prominent ground in support of the application for a reargument is that the defendant being an attorney was improperly convicted, under the indictment, of the crime of larceny in the second degree. This position has been now for the first time taken in the case, and section 148 of the Penal Code is supposed to sustain it, but it clearly does not. For the misdemeanors created by this section are made to consist, first of deceit or collusion on the part of the attorney to deceive the court or any party, in violation of the prohibition contained in section 70 of the Code of Civil Procedure, and secondly, of· willfully delaying his client's suit for his own gain, or willfully receiving money or allowance for or on account of any money which he has not laid out or become answerable for, as that has been prohibited by section 71 of the Code of Civil Procedure. The offense created by these two subdivisions of section 148 of the Penal Code do not include the act of obtaining money or property by the attorney by false or fraudulent representations. Such representations are set forth in the indictment as the foundation of the charge made against the defendant. They are in no manner provided for or referred to in this section of the Penal Code, but

they are included and made an offense by section 528 of the Penal Code. And when money or property may be obtained by the color or aid of fraudulent represesentations or pretenses, and the amount or value exceeds the sum of twenty-five dollars and does not exceed $500 under this section and section 531 of the Penal Code, the offense of grand larceny in the second degree will be committed. These sections apply alike to all persons, attorneys as well as others, who may obtain money or property by the use of false and fraudulent representations or pretenses. And the case charged against the defendant in the indictment and to prove which evidence was given upon the trial was within these sections. It would be strikingly incongruous for the law to provide that the same act should form and be punished as a mere misdemeanor when committed by an attorney, which could be punished by imprisonment in the State prison when committed by another person. It has not so provided and is chargeable with no such absurdity."

*A. Suydam,* for the appellant.

*De Lancey Nicoll,* assistant district attorney, for the respondent.

Opinion by DANIELS, J.; BRADY, J., concurred.

Motion denied.